# In the United States Court of Federal Claims

No. 22-267
Filed: August 4, 2022
NOT FOR PUBLICATION

|   |
|---|
| **JEREMIAH D. LANCASTER,**<br><br>    *Plaintiff*,<br><br>v.<br><br>**UNITED STATES,**<br><br>    *Defendant.* |

*Patrick J. Hughes*, Patriots Law Group of Lyons & Hughes, P.C., Suitland, MD, for the plaintiff.

*Tanya B. Koenig*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for the defendant, with *Frederick Rudesheim*, U.S. Army Legal Service Agency, of counsel.

**MEMORANDUM OPINION AND ORDER**

***HERTLING*, Judge**

  In this military-pay case, the defendant moves for a voluntary remand to the Army Board of Correction of Military Records ("ABCMR") to consider the plaintiff's claims in the first instance. Although the plaintiff opposes the motion, the defendant's concerns justifying a remand are substantial and legitimate and outweigh any potential prejudice to the plaintiff. Accordingly, the defendant's motion to remand is granted.

**I. BACKGROUND**

  The plaintiff, Jeremiah Lancaster, filed a complaint on March 9, 2022, against the United States, acting through the Department of the Army ("Army"). (ECF 1.) At this stage of the case, the Court treats as true all well-pleaded allegations and makes no findings of fact. For current purposes, only a summary of the plaintiff's claims is necessary.

  The plaintiff alleges that the Army arbitrarily and capriciously denied the plaintiff medical, housing, and travel entitlements that were due to him under military regulations and 37 U.S.C. §§ 204, 403, and 474. (ECF 1 at 1.) The plaintiff served as an officer in the Army Reserve for seven years. The plaintiff alleges that the Army failed to pay entitlements due to him in four instances.

In the first instance, occurring in October and November of 2016, the plaintiff alleges that his primary residence was Chiang Rai, Thailand. (*Id.* at 5-9.) When the Army ordered the plaintiff to active service at Fort Bliss, Texas, the Army initially paid for his flight from Thailand and a full per diem. The Army later determined that the plaintiff's primary residence was not in Thailand but in North Carolina and recouped $2,877.65 from the plaintiff.

In the second instance, occurring from March 2017 until May 2017, the plaintiff alleges that he primarily resided in Southern Shores, North Carolina. (*Id.* at 9-11.) He was ordered to Yongsan Garrison in Seoul, South Korea, at a time when he had recently completed inactive duty training in Thailand for a sister unit. The plaintiff therefore traveled to South Korea from Thailand rather than from North Carolina, but he requested basic allowance for housing ("BAH") according to the rates for North Carolina. The Military Pay Supervisor at the U.S. Army Reserve Command Pay Center reported the plaintiff to the Army Criminal Investigation Division for BAH Fraud, Larceny of Government Funds, and False Official Statement, but the Army concluded that probable cause did not exist to believe the plaintiff committed those offenses. The Army nonetheless determined that at this time the plaintiff resided primarily in Thailand and denied the plaintiff BAH according to North Carolina rates.

In the third instance, occurring from October 2017 until January 2018, the plaintiff alleges that he primarily resided in Southern Shores, North Carolina, and was activated for duty at Fort Gordon, Georgia. (*Id.* at 11-13.) The Army denied the plaintiff BAH entitlements at the rate for North Carolina due to his command's claim that he was residing in Thailand. Additionally, the plaintiff alleges that although he was denied access to Fort Gordon's dining facility and initially received a per diem allowance reflecting that fact, the Army later issued a Notice of Collection Action to recoup $3,433.20 of the per diem given to the plaintiff. This recoupment action has been stayed due to the plaintiff's filing of a complaint in this court.

In the fourth instance, occurring from January 2018 until August 2018, the plaintiff alleges that he was improperly denied BAH and travel pay from Fort Gordon, Georgia, to a hospital in Augusta, Georgia, for a shoulder injury he sustained in the line of duty. (*Id.* at 13-15.)

The plaintiff, suing under the Tucker Act, requests an award of proper medical pay and entitlements; BAH entitlements; backpay for transportation, travel, and per diem entitlements; interest, costs, and attorney's fees under the Equal Access to Justice Act ("EAJA"); and the correction of personnel records. (*Id.* at 19-20.) The plaintiff requests that the exact amount due to him be calculated at trial.

On July 7, 2022, the defendant filed a motion for a voluntary remand or, in the alternative, a motion for an enlargement of time to respond to the plaintiff's complaint. (ECF 7.) On July 21, 2022, the plaintiff filed a response to the defendant's motion opposing a remand but agreeing to an enlargement of time for the defendant to respond to the plaintiff's complaint. (ECF 8.) The defendant filed a reply brief on July 28, 2022. (ECF 9.) Oral argument is unnecessary to resolve the motion.

**II.    DISCUSSION**

Rule 52.2(a) of the Rules of the Court of Federal Claims ("RCFC") provides: "In any case within its jurisdiction, the court, on motion or on its own, may order the remand of appropriate matters to an administrative or executive body or official."  When an agency requests a remand (without confessing error) to reconsider its position, "the reviewing court has discretion over whether to remand."  *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).

"Although there is generally no requirement that a plaintiff exhaust remedies with the applicable Corrections Board before filing suit in the Claims Court, . . . these cases normally still proceed through the Corrections Boards because '[t]ypically, if suit is filed just in the [Claims Court], that court will require resort to a Corrections Board while the matter remains pending in that court.'"  *Antonellis v. United States*, 723 F.3d 1328, 1333 (Fed. Cir. 2013) (internal citation omitted) (quoting *Richey v. United States*, 322 F.3d 1317, 1323 (Fed. Cir. 2003)).

The Federal Circuit has held that "if the agency's concern is substantial and legitimate, a remand is usually appropriate."  *SKF*, 254 F.3d at 1029.  A motion for a voluntary remand should nonetheless be denied if it is frivolous or in bad faith, *SKF*, 254 F.3d at 1029, would serve no useful purpose, *Martinez v. United States*, 333 F.3d 1295, 1310 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004), or would "unduly prejudice the non-moving party," *Util. Solid Waste Activities Grp. v. Env't Prot. Agency*, 901 F.3d 414, 431 (D.C. Cir. 2018) (citation omitted).  A motion for a voluntary remand by the defendant opposed by a plaintiff "should be treated as with any other motion affecting the substantial rights of the plaintiff, by subjecting the government's position to careful analysis to ensure that the motion is properly supported and justified."  *Rahman v. United States*, 149 Fed. Cl. 685, 690 (2020).

In resolving opposed motions for a voluntary remand, some judges of this court have adopted the three-part test from *Ad hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377 (Ct. Int'l Trade 2013), to guide the exercise of discretion in determining whether an agency's concern is "substantial and legitimate."  *See Trace Sys., Inc. v. United States*, No. 22-404C, 2022 WL 2963486, at *3 (Fed. Cl. July 26, 2022); *Lyon v. United States*, No. 20-755C, 2022 WL 2294191, at *9 (Fed. Cl. June 22, 2022); *Keltner v. United States*, 148 Fed. Cl. 552, 564 (Fed. Cl. 2020).  Under this test outlined in *Ad hoc Shrimp Trade*, an agency's concerns are "substantial and legitimate" if (1) the agency provides a compelling justification for its remand request; (2) the need for finality does not outweigh the agency's justification for a voluntary remand, *i.e.*, the plaintiff would not be unduly prejudiced; and (3) the scope of the agency's request is appropriate.  882 F. Supp. 2d at 71.

**A.    Compelling Justification**

The defendant notes that in his complaint, the plaintiff did not attach supporting documentation, identify who denied his claims, or provide dates on which his claims were

3

denied.[1]  (ECF 7 at 1-2.)  Despite having contacted the Defense Finance Accounting Service, U.S. Army Financial Management, and U.S. Army Reserve pay office, the defendant asserts that it has not been able to collect documents needed to construct the administrative record relative to the plaintiff's four discrete claims.  The defendant argues that a remand is appropriate to consolidate both the development of an administrative record and the substantive issues.

The plaintiff attaches to his response numerous decisional documents that he claims to have provided to the defendant.  The plaintiff argues that "[t]he administrative record is easily ascertainable with a minimal and reasonable effort, as all of the relevant documents are within the possession and direct control of the Defendant."  (ECF 8 at 4.)

In its reply, the defendant asserts that the documents provided by the plaintiff do not provide sufficient information to confirm or refute the plaintiff's claims.  (ECF 9 at 3.)  The defendant argues that the plaintiff's "references to Inspector General findings, letters of reprimand, investigations by the Army's Criminal Investigation Division, and line of duty investigation findings are not directly related to military pay and entitlement decisions."  (*Id.* at 4.)  The Army offices with final agency authority over military-pay decisions have not reviewed the plaintiff's claims.

Under precedent from the Federal Circuit, "[t]he focus of judicial review of agency action remains the administrative record . . . ."  *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009).  "If the record is inadequate, '[t]he reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry,' and instead 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'"  *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

Judicial review of the plaintiff's claims challenging the Army's actions must be based on the administrative record, but there is no administrative record in this case to review.  *See Axiom*, 564 F.3d at 1381.  Unless a rare circumstance or exception applies, a reviewing court in a claim for military pay and benefits generally does not conduct a *de novo* investigation into the plaintiff's entitlements.  *See Walls*, 582 F.3d at 1367.

Remand to the agency will aid the defendant in compiling and reviewing the administrative record more effectively.  Although the plaintiff is undoubtedly correct that most of the relevant documents are already within the defendant's possession and control, those documents originate from disparate offices and organizations across the Army.  The defendant asserts that, despite counsel's best efforts, the defendant has been unable to collect a complete administrative record.  The ABCMR employs an established process for compiling an administrative record: the ABCMR will reach out to relevant offices to obtain advisory opinions

---

[1] The defendant has not responded to the complaint and thus has not challenged the adequacy of the complaint under RCFC 12(b).

and underlying documents and then rely on those opinions and documents to review the plaintiff's claims. (*See* ECF 9 at 3.) Requiring the filing of the administrative record without a remand to the ABCMR could lead to "a record that may be incorrect or incomplete." (*Id.* at 4.)

Additionally, a remand will allow the ABCMR an opportunity to consolidate and consider the substantive legal issues in this case for the first time. The Army may "correct its own potential errors without expending the resources of the court and the parties in reviewing a record that may be incorrect or incomplete." (ECF 9 at 4.) Given the substantial deference given to the Army regarding personnel decisions, it is more appropriate to allow the Army an opportunity to correct its mistakes with minimal judicial intervention. *See Rahman*, 149 Fed. Cl. at 691. Accordingly, the government has provided a compelling justification for a remand to the ABCMR.

The defendant's justification for a voluntary remand distinguishes this case from others in which courts found a lack of compelling justification. In *Keltner*, for example, Judge Solomson found the defendant's justification unreasonable when the defendant sought a remand merely to bolster its analysis for its initial decision, and the defendant expressed no intention to reconsider its position. 148 Fed. Cl. at 565. In that case, the defendant's justification for a remand did not implicate the adequacy of the administrative record. *Id.* In another case, *Lyon*, Judge Somers denied the defendant's motion for a voluntary remand when the defendant's proffered justification was "incorrect as a factual matter." 2022 WL 2294191, at *10.

In this case, by contrast, the administrative record is not only inadequate but also nonexistent, and the defendant has expressed an intention to consider the plaintiff's claims in good faith. There is also no reason to doubt the accuracy of the defendant's assertions regarding its difficulty compiling the administrative record. Furthermore, review by the ABCMR of the plaintiff's claims may obviate in whole or in part the need for judicial correction of the alleged errors. In the current posture of this case, the defendant has provided a compelling justification for a voluntary remand.

### B. Need for Finality

The defendant notes that the plaintiff waited approximately 21 months to bring his first claim, more than four years to bring his second claim, more than three years to bring his third claim, and approximately 21 months to bring his fourth claim. (ECF 7 at 6.) The defendant argues that a remand may provide the plaintiff more immediate relief and render his claims moot; at the very least, a remand will provide the plaintiff an opportunity to submit additional argument and evidence supporting his claims.

The plaintiff notes that the delays listed by the defendant are not of the plaintiff's own making because the plaintiff "has initiated multiple complaints through his chain of command and the Inspector General." (ECF 8 at 2.)

Because the plaintiff bypassed the ABCMR and came directly to court, a remand would likely be necessary to determine the precise amount of any monetary relief to which the plaintiff might be entitled. *See Rahman*, 149 Fed. Cl. at 690. By remanding the case at this early stage,

the plaintiff may receive relief from the ABCMR, thereby expediting a resolution of his claims. In two cases, the undersigned has remanded over the plaintiff's objections a case to the applicable military correction board, and the board has provided complete relief to the plaintiff in a manner that was more expedient than the Court would have been able to provide had the Court ruled on the issues in the first instance. Such expedient relief could be the result in this case.

Alternatively, in the face of the defendant's assertions regarding the difficulties it is having in compiling the administrative record, the existence of an administrative record developed for the consideration by the ABCMR of the plaintiff's claims is likely to expedite ultimate judicial consideration and resolution of the plaintiff's claims if they are not concluded to the plaintiff's satisfaction by the ABCMR. Thus, a remand is likely to produce a more expeditious conclusion of the plaintiff's claims, either by the ABCMR or the Court. This factor too supports a remand.

### C.   Prejudice to the Plaintiff

The plaintiff claims that a remand would prejudice the plaintiff for three reasons: (1) a remand would subject the plaintiff's claims to a heightened standard of review and burden of proof; (2) a remand would "shift the burden of compiling the administrative record" to the plaintiff; and (3) the plaintiff would be unable to recover attorney's fees under the EAJA. (ECF 8 at 4-5.)

First, a remand would not subject the plaintiff to a heightened standard of review. Regardless of whether the ABCMR has evaluated the plaintiff's claims, the Army's decisions would be evaluated under the standard articulated in the Administrative Procedure Act. *See Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006). "[J]udicial review of military service determinations with monetary consequences" is limited to evaluating whether the "'action was arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which [the complainant] has been seriously prejudiced.'" *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983) (quoting *Clayton v. United States*, 225 Ct. Cl. 593, 595 (1980)).

A remand also will not subject the plaintiff to a higher burden of proof. Even if the plaintiff's claims were considered *de novo*, the plaintiff would bear the burden of proving entitlement to his claims. *See Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (explaining that the default rule is that "plaintiffs bear the risk of failing to prove their claims"). The plaintiff's burden of proof at a hypothetical trial therefore does not outweigh his burden of proof following a remand.

Second, a remand will not shift the burden to the plaintiff to compile the administrative record. That record is still the Army's to compile. The documents reside with the Army, albeit in various offices and locations. It will be the responsibility of the Army, not the plaintiff, to

compile those documents for consideration by the ABCMR in the first instance.[2] And it will be the defendant, and not the plaintiff, that must certify and file the administrative record with the Court following the remand. *See* RCFC 52.1(a).

Finally, the plaintiff is not unduly prejudiced by the unavailability of attorney's fees should the ABCMR grant him full relief on remand. At this stage of the litigation, before any dispositive motion or administrative record has been filed, the Court is unable to determine whether the plaintiff would satisfy the numerous statutory criteria for eligibility to recover attorney's fees under the EAJA. *See* 28 U.S.C. § 2412. The plaintiff's right to attorney's fees is too speculative to be prejudicial.

The plaintiff has not demonstrated that this case presents a "rare circumstance" that would empower the Court to conduct a *de novo* inquiry into his claims. *See Walls*, 582 F.3d at 1367. For example, a court may hold an evidentiary hearing to determine jurisdictional facts or consider evidence outside the record concerning a potential ethical violation. *See Metz*, 466 F.3d at 998; *see also Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1338-39 (Fed. Cir. 2001) (permitting the collection of extra-record evidence to consider a potential ethical violation in a government-contracts case). In general, however, the administrative record governs judicial review in military-pay cases. *See Walls*, 582 F.3d at 1367.

As previously noted, the ABCMR has not had the opportunity to consider the plaintiff's case at all—a fact distinguishing this case from other situations when a remand may have unduly prejudiced the plaintiff. *See Lyon*, 2022 WL 2294191, at *11 (noting that the defendant was requesting a remand to the agency for the fourth time). Additionally, the procedural posture of this case distinguishes it from *Keltner*, in which the agency sought a remand after a motion for judgment on the administrative record had been fully briefed and the court had held oral argument on the motion. 148 Fed. Cl. at 566.

The prejudice potentially facing the plaintiff is not unique to this case; it is the same type of prejudice that most plaintiffs would confront upon remand. Any prejudice to the plaintiff that a voluntary remand would cause does not outweigh the defendant's compelling justification for the remand—namely, permitting the ABCMR to evaluate the plaintiff's claims in the first instance.

### D.   Scope of the Remand

The remand requested by the defendant would allow the plaintiff an opportunity to present new evidence and arguments and permit the ABCMR to evaluate the plaintiff's claims in the first instance. (*See* ECF 7 at 7.) The Court's order also requires the ABCMR to complete its review of the plaintiff's claims within four months.

---

[2] That said, it would benefit the plaintiff were he to assist the Army in compiling the administrative record by reducing the delay that would otherwise attend the location and compilation of the documents related to the plaintiff's various claims.

In his response to the government's motion, the plaintiff opposes the remand but does not take issue specifically with the scope of a potential remand. Accordingly, the Court finds the scope of the defendant's request appropriate.

### III.   ORDER

The defendant has advanced substantial and legitimate justifications for a voluntary remand. Any prejudice to the plaintiff resulting from a remand is outweighed by the defendant's justifications. Accordingly, the defendant's motion to remand the case to the ABCMR pursuant to RCFC 52.2 is **GRANTED**, and the case is **REMANDED** to the ABCMR until **December 2, 2022**.

On remand, the ABCMR shall consider and determine the claims presented by the plaintiff in his complaint. The ABCMR shall provide the plaintiff the opportunity to submit additional evidence and supplemental legal argument in support of his claims.

The ABCMR shall issue its decision by **December 2, 2022**. The parties shall file a joint status report by **December 16, 2022**, advising the Court as to whether further proceedings are necessary and, if so, proposing a schedule for such proceedings.

The case is **STAYED** pending further order of the Court. The defendant's obligation to respond to the plaintiff's complaint is also **STAYED**.

The provisions of Rule 52.2(b)(1)(D) are **WAIVED**.

The Clerk is **DIRECTED** to serve a copy of this Order on the Secretary of the Army at:

> Office of the Secretary of the Army
> 101 Army Pentagon
> Washington, DC 20310-0101

The Clerk is further **DIRECTED** to serve a copy of this Order on the Army Review Boards Agency at:

> Office of Army Review Boards Agency
> 251 18th Street South, Suite 385
> Arlington, VA 22202-3531

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**