# In the United States Court of Federal Claims

No. 22-267C
Filed: July 24, 2023
NOT FOR PUBLICATION

---

**JEREMIAH D. LANCASTER,**

*Plaintiff,*

**v.**

**UNITED STATES,**

*Defendant.*

---

*Patrick J. Hughes*, Lyons & Hughes, Suitland, MD, for the plaintiff.

*Tanya B. Koenig*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for the defendant, with *Stacey R. Fernandez,* U.S. Army Legal Services Agency, of counsel.

**MEMORANDUM OPINION AND ORDER**

***HERTLING*, Judge**

      The plaintiff, Jeremiah D. Lancaster, serves as a Captain in the Army Reserve.  The plaintiff brought an action to recover medical, housing, and travel allowances against the United States, acting through the U.S. Army.  The case was remanded to the Army Board for Correction of Military Records ("ABCMR"), which had not had the opportunity to evaluate the plaintiff's claims.  On remand, the ABCMR decided in the plaintiff's favor, and the plaintiff voluntarily dismissed his complaint.

      The plaintiff now seeks attorney's fees and expenses as authorized by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $17,422.55.  Under the EAJA, the plaintiff was not a "prevailing party" because the defendant's change in position was voluntary, and the remand was not predicated on administrative error, either implicitly or explicitly.  The plaintiff's motion for attorney fees and expenses is therefore denied.

## I.  BACKGROUND

### A.  Factual Background

      The plaintiff has served as an officer in the Army Reserve for seven years.  He alleged that the Army had failed to pay entitlements due to him in four instances based on errors related to the determination of the plaintiff's primary residence.

In the first instance, occurring in October and November of 2016, the plaintiff alleged that his primary residence was Chiang Rai, Thailand. (ECF 1 at ¶¶ 17-43.) The Army paid for the plaintiff's flight from Thailand to Fort Bliss, Texas, where he was ordered to active service, but recouped $2,877.65 from him after later determining that his primary residence was in North Carolina.

In the second instance, occurring from March 2017 until May 2017, the plaintiff alleged that he resided in North Carolina but was improperly denied basic allowance for housing ("BAH") according to the rates for North Carolina. (*Id.* at ¶¶ 44-57.) The Army determined that at that time he resided primarily in Thailand.

In the third instance, occurring from October 2017 until January 2018, the plaintiff alleged that he was improperly denied BAH according to the rates for North Carolina for the same reason. (*Id.* at ¶¶ 58-69.) Additionally, the plaintiff alleged that after being denied access to Fort Gordon's dining facility and initially receiving a per diem allowance reflecting that denial, the Army later recouped $3,433.20 of the per diem allotted to the plaintiff.

In the fourth instance, occurring from January 2018 until August 2018, the plaintiff alleged that he was improperly denied BAH and travel pay from Fort Gordon, Georgia, to a hospital in Augusta, Georgia, for a shoulder injury he sustained in the line of duty. (*Id.* at ¶¶ 70-82.)

The plaintiff alleged that he submitted repeated inquiries and requests for correction regarding these matters through his chain of command and filed an Inspector General Action request. He alleged that all his inquiries and requests were ignored. (*Id.* ¶¶ 40-43, ¶¶ 64-69.) At oral argument on this motion, the plaintiff asserted that he also received a letter from the Army's human resources office, Headquarters, Department of the Army G-1 ("G-1"), denying his entitlements to BAH and incapacitation pay. Having received no satisfaction from the Army, the plaintiff filed his complaint in the court. The plaintiff did not seek relief from the ABCMR before filing this complaint in the Court of Federal Claims.

### B.    Procedural Background

The plaintiff filed his complaint in this court on March 9, 2022. (ECF 1.) The plaintiff alleged that the Army arbitrarily and capriciously denied the plaintiff medical, housing, and travel entitlements that were due to him under military regulations and 37 U.S.C. §§ 204, 403, and 474. (*Id.* at 1.) He requested an award of proper medical pay and entitlements; BAH entitlements; backpay for transportation, travel, and per diem entitlements; interest, costs, and attorney's fees under the EAJA; and the correction of personnel records. (*Id.* at 19-20.) The plaintiff requested that the exact amount due to him be calculated at trial.

On July 7, 2022, the defendant filed a motion for a voluntary remand or, in the alternative, a motion for an enlargement of time to respond to the plaintiff's complaint. (ECF 7.) The defendant argued that a remand was appropriate because, in the absence of any application to the ABCMR for relief, no administrative record had been compiled. As a result, there was no record for a court to review. In addition, the defendant noted that the plaintiff's inquiries and

requests to the Army were scattered among several Army offices and locations.  The defendant argued that the "interests of judicial economy weigh[ed] in favor of remand" to "enable the ABCMR, the highest level of administrative review within the Army, to consider Captain Lancaster's claims for the first time."  (*Id.* at 3.)  The defendant posited that the remand would "consolidate the issues before this Court, if not moot them entirely, and [would] consolidate the administrative record."  (*Id.* at 6.)

On July 21, 2022, the plaintiff filed a response to the defendant's motion opposing a remand but agreeing to an enlargement of time for the defendant to respond to the plaintiff's complaint.  (ECF 8.)  The plaintiff argued that he had provided numerous decisional documents to the defendant already and that the defendant was in the better position to gather other outstanding documents.  (*Id.* at 3-4.)  The plaintiff attached to his brief 10 exhibits comprised of decisional documents, notices of collection, and an earnings statement.

The defendant filed a reply brief on July 28, 2022.  (ECF 9.)  The defendant argued that, since receiving the plaintiff's documents attached to his brief in opposition to the motion to remand, the defendant had "continued its efforts to try and locate decision records that are relevant to Captain Lancaster's disparate claims," but those efforts had "not been successful in identifying any documents that affirmatively show money was recouped from Captain Lancaster or that he was denied the entitlements he claims in his complaint."  (*Id.* at 2.)  The defendant could not identify any decisional documents with final authority on pay and entitlements, and "[w]ithout reviewing the agency's decisional documents, the Army cannot assess whether its decisions are defensible."  (*Id.* at 4.)

The case was remanded to the ABCMR on August 4, 2022.  *Lancaster v. United States*, No. 22-267, 2022 WL 3100430 (Fed. Cl. Aug. 4, 2022).  The purpose of the remand was to allow the ABCMR the opportunity to compile and review a complete administrative record covering all the plaintiff's disparate claims.  *Id.* at *4.  As was noted in the remand order, "[j]udicial review of the plaintiff's claims challenging the Army's actions must be based on the administrative record, but there is no administrative record in this case to review."  *Id.*  Without the remand, "the administrative record is not only inadequate but also nonexistent."  The absence of an administrative record would have made it difficult to adjudicate the case.  *Id.* at *5.  The remand order noted that the "remand is likely to produce a more expeditious conclusion of the plaintiff's claims, either by the ABCMR or the Court."  *Id.* at *6.

On remand, after the plaintiff submitted his application for relief, the ABCMR reviewed the plaintiff's submission and obtained another advisory opinion from G-1, which again recommended denying the plaintiff's entitlements.  (ECF 25 at 10.)  The ABCMR exercised its independent judgment and declined to follow the advisory opinion from G-1.  The ABCMR determined that the plaintiff had resided at all times in North Carolina and granted the plaintiff relief on three of his four claims on January 17, 2023.  (ECF 16.)  As a result of the relief awarded by the ABCMR, three of the four counts of the plaintiff's complaint became moot, and the plaintiff voluntarily dismissed the remaining count of his complaint on March 10, 2023.  (ECF 18.)

On April 12, 2023, the plaintiff filed a motion for attorney's fees and costs under the EAJA.  (ECF 21.)  The defendant filed a response brief on June 28, 2023.  (ECF 25.)  The plaintiff filed a reply brief on July 5, 2023.  (ECF 27.)  Oral argument was held on July 19, 2023.

## II.    DISCUSSION

The EAJA permits the court to award attorney's fees to a plaintiff who is a "prevailing party" in a civil action against the United States unless the position of the United States was "substantially justified" or "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  "'As a waiver of sovereign immunity, the EAJA must be strictly construed in favor of the sovereign.'"  *See, e.g.*, *Starry Assocs., Inc. v. United States*, 892 F.3d 1372, 1380 (Fed. Cir. 2018) (quoting *Fanning, Phillips, Molnar v. West*, 160 F.3d 717, 721 (Fed. Cir. 1998)).

In his motion for attorney's fees, the plaintiff argues that he meets all criteria for award under the EAJA.  (ECF 21.)  The defendant disputes that the plaintiff is a "prevailing party" and argues that the government's position was "substantially justified."  (ECF 25 at 10, 12.)

The Supreme Court has defined a "prevailing party" as "one who has been awarded some relief by the court."  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001).  In *Buckhannon*, the Supreme Court considered whether a plaintiff was eligible for attorney's fees under the EAJA pursuant to the "catalyst theory," under which a plaintiff could be considered a "prevailing party" "if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct."  *Id*. at 601.  The Supreme Court rejected the "catalyst theory" and held that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change."  *Id*. at 605 (italics in original).  Because a voluntary change of conduct does not necessarily change the legal relationship of the parties, it cannot make the plaintiff a "prevailing party."  *Id*.

To be a "prevailing party," a plaintiff must receive "some relief on the merits" from the court.  *Id*. at 603.  The Federal Circuit has held that relief on the merits may include a remand if the remand was predicated on administrative error, either explicitly or implicitly.  *Crawford v. United States*, 66 F.4th 1339, 1342 (Fed. Cir. 2023).  *See also Winters v. Wilkie*, 898 F.3d 1377, 1382 (Fed. Cir. 2018); *Gurley v. Peake*, 528 F.3d 1322, 1327 (Fed. Cir. 2008).  A review of the Circuit's relevant caselaw applying *Buckhannon* to remands is enlightening.

In *Gurley*, the plaintiff appealed the Veterans Court's denial of his application for attorney's fees under the EAJA.  528 F.3d at 1323-24.  The Veterans Court had remanded the plaintiff's disability claim on a joint motion to allow the Regional Office ("RO") of the Department of Veterans Affairs ("VA") to reconsider that claim together with other claims then pending at the RO and avoid piecemeal litigation.  *Id*. at 1325.  After the RO provided relief to the plaintiff on his disability claim, the Veterans Court denied the plaintiff attorney's fees because the plaintiff was not a "prevailing party."  *Id*.  The Federal Circuit affirmed the denial because a substantive agency error had not been the basis for the remand.  *Id*. at 1327.  Instead, the Veterans Court had "remanded the claim solely for purposes of judicial economy," and the

plaintiff did not receive relief on the merits from the court's remand order.  *Id.* at 1328.  In essence, the remand was for convenience and judicial economy and portended no judicially ordained outcome.

Similarly, in *Winters*, the Federal Circuit upheld the denial of a motion for attorney's fees under the EAJA when the case was remanded for reasons of judicial economy rather than agency error.  898 F.3d at 1382.  In *Winters*, the VA had issued a "premature" decision and failed to comply with a mandatory notification procedure.  *Id.* at 1380.  The Veterans Court remanded the plaintiff's claims to the VA, and on remand the plaintiff received relief.  The Veterans Court then denied the plaintiff's request for attorney's fees and expenses under the EAJA.  *Id.*  The Federal Circuit affirmed the denial because even though the Veterans Court had found the VA's initial decision to be premature, that finding did not reflect a substantive administrative error but instead was "relevant only to the court's jurisdiction."  *Id.* at 1383.  The Federal Circuit held that the remand order was "predicated solely on the interest of judicial economy with no discussion directed to the merits of the claims."  *Id.*  Accordingly, the plaintiff was not a "prevailing party." *Id.* at 1384.

In contrast, the Federal Circuit in *Crawford* found a remand order was "implicitly predicated on agency error."  66 F.4th at 1343.  In *Crawford*, the plaintiff was discharged in 2011 because of post-traumatic stress disorder ("PTSD") but was not referred to a Physical Evaluation Board ("PEB") to determine whether his PTSD had been incurred in the line of duty. *Id.* at 1340-41.  The plaintiff applied to the ABCMR in 2015 for the correction of his record and retroactive benefits.  *Id.* at 1341.  Instead of referring the plaintiff to a PEB, the ABCMR directed the Office of the Surgeon General to review his records.  *Id.*  The Office of the Surgeon General determined that the plaintiff met retention standards at the time of discharge and refused to refer him to a PEB despite indications in the record that the plaintiff did not meet retention standards at the time of discharge.  *Id.*  The plaintiff filed a complaint in this court, which remanded the case to the ABCMR for a second review.  On remand, the plaintiff was awarded the relief he sought.  *Id.*  The plaintiff then applied to the court for attorney's fees under the EAJA.  That application was initially denied, and the plaintiff appealed.  The Federal Circuit reversed the denial and found that the plaintiff was a "prevailing party."  *Id.* at 1343.

The Federal Circuit found that the remand in *Crawford* was predicated on implicit agency error.  The defendant had implicitly conceded prior to the remand that the ABCMR should have referred the plaintiff to a PEB for a fitness determination when he had first applied to the ABCMR, and the ABCMR would have awarded relief then if it had not erred.  *Id.*  The Federal Circuit noted that "[i]f proper procedures had been followed, [the plaintiff] would have already received" relief.  *Id.*  "[T]he remand was necessary to cure the agency error."  *Id.*  Accordingly, the plaintiff in that case was held to be a "prevailing party" under the EAJA.

The plaintiff in this case argues that he is a "prevailing party" because the remand was the reason for the Army's change in position.  The plaintiff argues that when the case was remanded, the errors in the Army's position were glaringly obvious, and the Department of Justice and the Army both knew that the Army's administrative decisions were wrong and the plaintiff was entitled to the relief he was seeking.  The plaintiff argues that, on remand, the ABCMR relied on "no additional documents other than what Plaintiff resubmitted to the Army,"

aside from the new G-1 advisory opinion. (ECF 27 at 3-4.) According to the plaintiff, the only reason for the Army's change of position was his lawsuit and the remand order. Because the lawsuit prompted the change in the Army's position, the plaintiff argues, he qualifies as a "prevailing party." (*Id*.)

The defendant argues that the case was remanded only for reasons of judicial economy, *i.e.*, to compile an administrative record and to permit the ABCMR to review the record for the first time. (*See* ECF 25 at 9-10.) The defendant argues that it was impossible for the defendant to have implied that the Army had erred in rejecting the plaintiff's claims because prior to the remand, there was no record upon which the defendant could reach any conclusion about the merits of the Army's administrative determinations.

Even if the ABCMR had relied only on materials the plaintiff had previously submitted and did not collect and review additional documentation,[1] under *Buckhannon*, the voluntariness of the defendant's change in conduct in this case precludes acceptance of the plaintiff's argument. The defendant voluntarily moved for a remand, and the ABCMR granted the plaintiff's claims of its own accord. (*See* ECF 7; ECF 16.) The plaintiff's argument is based on a version of the "catalyst theory," as he posits that the case and the remand caused the defendant to change its position. The plaintiff's argument has been rejected by the Supreme Court. The fact that the plaintiff achieved the desired result from this lawsuit does not necessarily make him the prevailing party. *Buckhannon*, 532 U.S. at 601. Instead, the defendant's change of conduct was voluntary and "lacks the necessary judicial *imprimatur*." *Id*. at 605. Under *Buckhannon*, the plaintiff is not a "prevailing party."

Additionally, the plaintiff is not a "prevailing party" because the remand order was not predicated on administrative error, either explicitly or implicitly. This case is more like *Gurley* and *Winters* than *Crawford* because here the remand order did not discuss the merits of any prior ABCMR decision; rather, there was no prior ABCMR decision to review. As in *Gurley*, the remand avoided piecemeal litigation that would have resulted from a *de novo* review of the plaintiff's four claims before disparate offices within the Army. *See* 528 F.3d at 1323-28. Similar to the facts in *Winters*, the offices with final authority on pay and entitlements in the Army had not yet issued a proper final decision resolving the plaintiff's claims. *See* 898 F.3d at 1380-84.

Before the remand, the Court and the defendant only had the plaintiff's allegations and a few scattered documents, but no other record on which to formulate a view on the validity of the allegations. Contrary to the plaintiff's assertions, it was far from obvious that the Army had erred. The G-1's advisory opinion, which was not a final authority on the plaintiff's entitlement to pay, on its face suggested that the plaintiff's position was incorrect. In its briefing on the

---

[1] There is no certified administrative record in this case, and a "request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The scope of the ABCMR's review is disputed, but the plaintiff's assertion that the ABCMR did not collect further documentation is accepted for the limited purpose of denying the plaintiff's claim for attorney's fees.

motion to remand, the defendant asserted that without a remand, it had no way to determine whether the plaintiff's allegations were true; the defendant thus had no knowledge of whether the Army had erred.  (*See* ECF 9 at 4.)

Even if the defendant had knowledge before the remand that the G-1's position was wrong, however, the focus of the inquiry must be the reasons for the remand itself.  The case was remanded solely for reasons of judicial economy, so that the defendant could compile the administrative record and the plaintiff's claims could be resolved more efficiently.  *Lancaster*, No. 22-267, 2022 WL 3100430 at \*4-5.  In the absence of an administrative record, the remand order cannot have been predicated on agency error when the ABCMR had never considered the plaintiff's claims and the Court had no record to review and no basis on which to conclude there had been administrative error by the Army.

The lack of a prior ABCMR opinion distinguishes this case from *Crawford*.  The ABCMR could not have erred because it had not acted.  *See Lancaster*, No. 22-267, 2022 WL 3100430 at \*4 (noting that the "Army offices with final agency authority over military-pay decisions have not reviewed the plaintiff's claims").  There was no basis on which to think the Army had or had not erred in its initial decisions on the plaintiff's claims.  Given the complete absence of any record aside from the plaintiff's own allegations at the time the remand was ordered, no implicit judgment could be made about whether the Army had erred in rejecting the plaintiff's claims.

Relatedly, the plaintiff has not demonstrated that "the remand was necessary to cure the agency error," because the ABCMR may have decided to grant the plaintiff relief without judicial intervention if the plaintiff had sought correction of his records by the ABCMR in the first instance.  *Crawford*, 66 F.4th at 1344.

Additionally, this case is distinct from *Crawford* because the plaintiff was not denied "proper procedures" prior to the remand, as he had not applied to the ABCMR before filing his complaint.  *See* 66 F.4th at 1343.  The plaintiff noted at oral argument that the Army's errors giving rise to the plaintiff's claims in this case were substantive rather than procedural.  The facts and procedural posture of this case at the time of remand bear no resemblance to *Crawford*.

The plaintiff is not a "prevailing party" under the EAJA because the defendant voluntarily changed its conduct, and the remand order was not predicated on administrative error.  The case was remanded in the interest of judicial economy for the ABCMR to consolidate the disparate records, to create an administrative record, and to evaluate the plaintiff's claims in the first instance.  Because the plaintiff is not a "prevailing party," he does not meet the requirements for a fee award.[2]

---

[2] Accordingly, there is no need to consider whether the government's position was substantially justified.

**III.      CONCLUSION**

Despite the successful resolution of his claims by the ABCMR and the excellent representation that he received from his attorney in obtaining that outcome, the plaintiff is not eligible for a fee award under the EAJA because he is not a "prevailing party" pursuant to binding precedent from the Supreme Court and the Federal Circuit.  The defendant's change of position was voluntary, and the remand was not predicated on administrative error, either implicitly or explicitly.  The plaintiff's application for fees and expenses (ECF 21) is **DENIED**.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**